## WHEELER vs. McENTIE.

*Twelfth Judicial District Court, August,* 1857.

### ATTACHMENT—NON-RESIDENT.

The mere presence of a party in the State of California does not constitute a residence. He must have established his abode here, and purpose to change his last place of residence.

In default of these facts he will be considered a non-resident, and his property will be liable to attachment.

Motion to discharge attachment. The facts are reported in the opinion.

*A. H. Hitchcock,* for plaintiff.

*Tompkins,* for defendant.

NORTON, J.—This case presents the constantly recurring question,

what constitutes a residence ? The defendant has heretofore resided with his wife and children, and carried on business in Cohoes, in the State of New York. Having failed in business, he left there last March, and came to San Francisco, bringing with him a quantity of goods, but leaving his family at Cohoes. Upon his arrival here, in April last, he sent for his family, who arrived here on the 15th of July. In the mean time, on the 19th of June his goods were attached, on the ground of his being a non-resident of this State. He moves to discharge the attachment, on the ground that he was then a resident of this State.

In all the definitions given of a legal residence, the controlling facts are, that it is a party's fixed dwelling place, with the intention on his part to continue it as such. The fact and the intent, it is said, must concur. But the mere presence of a party is not always sufficient to constitute the fact. He must have established his abode. In the present case, the defendant was in this State, and probably did not intend to return personally to his former residence, but his family were still living at his former residence, which continued his residence until he acquired another. There is no evidence of a purpose to change his residence when he left Cohoes ; no information of such intention was given to his family, and no directions for them to follow him, and at the time this attachment was issued, he had not engaged in any business here, or done any act appropriate to a residence, or indicative of any intention to reside here, at San Francisco, any more than at any other place in this State, or indeed elsewhere. His condition was that of a transient person, who, after his arrival here, having determined to change his residence, was awaiting the arrival of his family, with the intention, upon their arrival, to fix his residence somewhere in the State of California, but had not as yet become a legal resident of the State.

The motion to discharge the attachment must be denied.